UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KEIFER, individually and on behalf of all others individually situated,<br>Plaintiff,<br>v.<br>HOSOPO CORPORATION d/b/a HORIZON SOLAR POWER; and DOES 1 through 10, inclusive,<br>Defendant. | Case No.: 3:18-cv-1353-CAB-(KSC)<br>**ORDER ON MOTION TO DISMISS [Doc. No. 14.]** |

This matter comes before the Court on Defendant HOSOPO Corporation's ("HOSOPO") motion to dismiss [Doc. No. 14]. The motion has been fully briefed, and the Court finds it suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the following reasons, Defendant's motion is denied.

## I. Background

On June 20, 2018, Plaintiff Michael Kiefer filed suit for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C § 227(b)-(c). [Doc. No. 1.] Plaintiff brings this action individually and on behalf of all others similarly situated.

On July 23, 2018, Defendant HOSOPO filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(e) and 12(f). [Doc. No. 8.]

On August 14, 2018, Plaintiff filed the First Amended Complaint ("FAC") asserting the same claims. [Doc. No. 9.][1] The FAC alleges that beginning in March 2017, Plaintiff received at least 14 unsolicited calls from Defendant to his cellular phone. [Doc. No. 9 at ¶¶ 8, 16, 20.] Plaintiff contends that these calls were made using an automatic telephoned dialing system ("ATDS") and that on one or more occasions an "artificial or prerecorded voice" was utilized during these calls. [*Id.* at ¶¶ 10, 11.] Further, it is alleged that the calls were made in an attempt to solicit Plaintiff to purchase Defendant's services. [*Id.* at ¶¶ 8, 19.] Plaintiff maintains that he was not a customer of Defendant's, never provided his personal information including his telephone number to Defendant, and never provided his "prior express consent" to Defendant to receive calls using an ATDS or an artificial or prerecorded voice. [*Id.* at ¶¶ 14, 15.] Additionally, Plaintiff alleges that his cell phone

---

[1] The FAC asserts venue is proper:

> under 28 U.S.C. § 1332(d)(2) because Plaintiff, a California corporation with its principle place of business also in California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a Delaware company. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed call in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

[Doc. No. 9 at ¶ 2.] However, Plaintiff, is not a Corporation, as the caption of the complaint reflects and the allegations of the FAC indicate he is an individual. Further, although Defendant is identified as a Delaware company its principal place has not been established. Notwithstanding, this error and omission, Plaintiff's claims are for violations of 47 U.S.C § 227(b)-(c), therefore subject matter jurisdiction exists under section 1331 because section 1331 grants federal district courts original jurisdiction over "all actions under the Constitution, laws, or treaties of the United States." *See 28* U.S.C. § 1331. *See also Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983) (under 28 U.S.C. §1331, federal courts have jurisdiction over "only those cases in which a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.").

number has been on the National Do-Not-Call Registry for over 30 days predating Defendant's initial calls. [*Id*. at ¶ 17.]

Plaintiff seeks to represent a nationwide class concerning the ATDS claim for no prior express consent ("The ATDS Class") consisting of:

> [a]ll persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

[*Id*. at ¶ 23.] Plaintiff also seeks to represent a nationwide class concerning the National Do-No-Call violation ("The DNC Class") consisting of:

> [a]ll persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

[*Id*. at ¶ 24.] The FAC's Prayer for Relief includes request for treble damages for the alleged knowing and willing violations. [*Id.* at 12, 13.[2]]

On August 24, 2018, Defendant HOSOPO filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). [Doc. No. 14.] On September 14, 2018, Plaintiff filed his opposition [Doc. No. 15] and Defendant filed its reply [Doc. No. 16].

## II. Legal Standard

Under Rule 12(b)(6), a party may bring a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is

---

[2] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.,* 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted).

Even under the liberal pleading standard of Rule 8(a)(2), which requires only that a party make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief … [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Under Rule 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arises from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation marks, citation, and first alteration omitted) *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

## III. Discussion

Defendant moves to dismiss under Rule 12(b)(6) on the grounds that all of Plaintiff's claims have not been pled with the requisite specificity. Alternatively Defendant moves to strike under Rule 12(f) the request for treble damages and the class allegations.[3]

### A. The TCPA violations

As to the TCPA violations, Defendant contends Plaintiff fails to allege sufficient call information, fails to allege sufficient facts showing that Defendant used an ATDS or an artificial or pre-recorded voice and fails to plead direct or vicarious liability.

To successfully plead a TCPA claim, a plaintiff must allege defendant (1) called a cellular telephone number; (2) using an ATDS or an artificial or prerecorded voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1); *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 804 (9th Cir. 2017) (quoting *Meyer v. Portfolio Recovery Assocs., LLC,* 707 F.3d 1036, 1043 (9th Cir. 2012). Under the Act, the court may award treble damages "if the defendant willfully or knowingly violated the Act." *Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663, 67 (2016)*;* 47 U.S.C. §§ 227(b)(3)(B), 227 (c)(5)(C).

To "make" a call under the TCPA the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call. *Gomez v. Campbell-Ewald, Co.,* 768 F.3d 871, 877-79 (9th Cir. 2014). An ATDS is "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

Here, Plaintiff alleges that Defendant called his cell phone without his prior consent. [Doc. No. 9 at ¶¶ 8, 15.] He also alleges that Defendant used an "automatic telephone

---

[3] While Defendant's motion asserts it is also moving under Rule 12(e) for a more definite statement the memorandum filed in support of the motion is silent on this issue, therefore the Court will not address this issue.

dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its calls to Plaintiff in an attempt to solicit Plaintiff to purchase HOSOPO's services. [*Id.* at ¶¶ 8, 10, 16.] It is also alleged that "at one or more instance during these calls, Defendant utilized an 'artificial or prerecorded voice' as prohibited by 47 U.S.C. § 227 (b)(1)(A)." [*Id.* at ¶ 11.] Additionally, the FAC identifies the number Defendant used when calling him. [*Id.* at ¶ 9.] Further, the FAC states:

> Plaintiff received at least 14 unsolicited calls from the Defendant to his cellular phone. Due to the nature of Defendant's business in the telemarketing filed and Plaintiff experience and interactions with Defendant and other similar businesses, as well as the volume of calls placed to Plaintiff's phone from the Defendant who he undisputedly did not have any prior business relationship with, and to whom Plaintiff never provided his telephone number, Plaintiff is informed and believed that an ATDS was used to contact his cellular phone, without Plaintiff's prior express consent.

[*Id.* at ¶ 16.]

Defendant's contention that Plaintiff has failed to establish that it, or any agent, made any of the alleged 14 calls is unavailing. [Doc. No. 14-1 at 17-21.] For purposes of the motion to dismiss, the Court accepts as true the factual allegations of the FAC that Defendant placed multiple calls to Plaintiff trying to solicit his business and that it owned the telephone number from which Plaintiff was contacted. [Doc. No. 9 at ¶¶ 8 -11, 15, 18.] Furthermore, since the FAC alleges that the purpose of the calls was to sell HOSOPO's services, the Court also finds it reasonable at this stage of the proceedings to infer that if the calls were not made by Defendant, they were made by entities utilized by Defendant, acting as its agents, to place the calls on its behalf. *See, generally, Gomez,* 768 F.3d at 877-79 (discussing the circumstances when liability can attach under the TCPA). Thus, Plaintiff has met the first element of the TCPA claim and adequately allegedly that Defendant called his cellular number.

Turning to the question of whether an ATDS was used, Defendant dedicates five pages of briefing to discussing the case law and history surrounding the definition of an

ATDS. Defendant argues that in light of the case law, Plaintiff's claims should be dismissed because he does not allege that Defendant used equipment that had the ability to generate numbers randomly or sequentially. *See* Doc. No. 14-1 at 8-14. But, Defendant's position that the dialing system at issue must create or develop numbers on its own is not supported by a recent Ninth Circuit decision published after briefing was submitted.

In *Marks v. Crunch of San Diego*, __ F.3d__, 2018 WL 4495553 (9th Cir. Sept. 20, 2018), the Court of Appeals sought to clear up the ambiguity surrounding what constitutes an ATDS. Before considering the definition of an ATDS under the TCPA, the court clarified that "[b]ecause the D.C. Circuit vacated the FCC's interpretation of what sort of device qualified as an ATDS,[4] only the statutory definition of ATDS as set forth by Congress in 1991 remains." *Marks*, __ F.3d__, 2018 WL 4495553, at * *at 7*. The Ninth Circuit read "§ 227(a)(1) to provide that the term automatic dialing system means equipment which has the capacity – (1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator – and to dial such numbers." *Id.* at *9.[5] Thus, under this authority an ATDS need not create or develop the numbers dialed on its own.

While Plaintiff does not specifically set forth allegations that are sufficient on their own to support his claims, the Court, accepts as true the factual allegations of the FAC, applies the definition of an ATDS set forth in *Marks*, and by drawing on the Court's judicial experience and common sense, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), finds it is reasonable to infer that the equipment HOSOPO used was an ATDS and that on one or more occasions an artificial or pre-recorded voice was used.

---

[4] *See ACA Int'l v. Fed. Commc's Comm'n*, 855 F.3d 687 (D.C. Cir. 2018).

[5] The court also rejected the argument that a device cannot qualify as an ATDS unless it is fully automatic, explaining "[c]ommon sense indicates that human intervention of some sort is required before an autodialer can begin making calls, whether turning on the machine or initiating its functions." *Marks*, __ F.3d__, 2018 WL 4495553, at *9.

For the foregoing reasons, the Court has concluded that Plaintiff has either adequately alleged the elements necessary to state a TCPA claim, or stated enough facts from which a plausible inference can be drawn the Defendant was responsible for the calls being made to Plaintiff. *See Abante Rooter & Plumbing, Inc. v Pivotal Payments, Inc.*, Case No. 16-cv-05486-JCS, 2017 WL 733123, at * 8 (N.D. Cal. Feb. 24, 2017) (at the pleading stage a TCPA plaintiff need only allege enough facts from which a plausible inference can be drawn that defendant was responsible for the calls being made to plaintiff). Accordingly, Defendant's motion to dismiss the first and third causes of action is DENIED.

**B. Knowing and Willful Violation of the TCPA Claims**

Defendant also argues that the "knowing and/or willful" violations of the TCPA must be dismissed because all that is offered are bare conclusory allegations with insufficient facts to suggest the Defendant willfully or knowingly violated the TCPA. [Doc. No. 14-1 at 23-26.] Relatedly, Defendant seeks to strike Plaintiff's request for treble damages that are predicated on the knowing and willful violations. [*Id.* at 23-24.]

In support Defendant has cited *Blikken v. Risen Capital*, LLC, No. 8:15-cv-1693-T-27MAP, 2016 WL 7423411 (M.D. Fla. Nov. 28, 2018) and *Ewton v. Pushpin Holdings*, LLC, No. 8:16-cv-00978-CEH-TBM, 2017 WL 882081 (M.D. Fla. Mar. 6, 2017). In *Blikken*, the magistrate judge did, as Defendant contends, find the complaint failed to allege facts showing that defendant acted knowingly or willingly and therefore concluded an award treble damages was inappropriate and only recommended entry of default on the TCPA violations in the amount of $15,000. *Id.* at * 1-2. Similarly, *Ewton* involved a motion for entry of default judgment with the district court engaging in a discussion regarding what Florida courts require in order to support an award of treble damages on default judgement. 2017 WL 882081, at * 4. But these cases are not binding, relevant authority and do not establish that pleadings such as the ones at issue here are insufficient at this early stage to allege that defendant plausible acted knowingly or willfully

In contrast, courts within this circuit have held allegations similar to those made in the FAC, regarding the knowing and willfulness on the part of defendant, sufficient to

withstand a motion to dismiss. *See e.g., Meyer v. Bebe Stores, Inc.*, Case No. 14-cv-00267-YGR, 2015 WL 431148, at * 4 (N.D. Cal. Feb. 2, 2015) (finding allegations that "defendant, using an ADTS, sent text message to plaintiff in knowing and/or willful violation of the TCPA" sufficient to state a claim); *Pacleb v. Cops Monitoring*, No. 2:14-CV-01366-CAS (JCx), 2014 WL 3101426, at * 4 (C.D. Cal. July 7, 2014) (finding allegation that "defendant's conduct constituted multiple knowing and/or willful violations of the TCPA" sufficient to withstand a motion to dismiss); *Fox v. Asset Acceptance, LLC*, Case No. 13cv0922 DMS (BGS), 2013 WL 12076476, (S.D. Cal, Oct. 30, 2013); *Maier v. J.C. Penney Corp., Inc.*, No. 13cv0163-IEG (DHB), 2013 WL 3006415, at *4 (S.D. Cal. June 13, 2013) (denying motion to dismiss).

Therefore, notwithstanding Plaintiff's lack of opposition[6], the Court finds the knowing and willful violations of the TCPA have been sufficiently pled. The FAC alleges, that "the foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA…," *see* Doc. No. 9 at ¶ 44, 52, and the Court takes this allegation as true for purposes of the present motion. Accordingly, the motion to dismiss the second and fourth causes of action is DENIED. Because the Court has denied the motion to dismiss the second and fourth causes of action, it follows that the requests for treble damages are not redundant, immaterial, impertinent, or scandalous. *Whittlestone,* 618 F.3d at 973. Accordingly, Defendant's motion to strike the request for treble damages from the FAC is DENIED.

**C. Class Allegations Claims**

Defendant asks the Court to strike the class allegations in the FAC claiming they create impermissible fail safe classes. [Doc. No. 14-1 at 21-23.]

Class allegations can be stricken or dismissed at the pleading stage." *Ingiuez v. The CBE Group*, 969 F. Supp. 2d 1241, 1248 (E.D. Cal. 2013) (citing *Kamm v. Cal. City Dev.*

---

[6] Plaintiff's counsel is reminded that in the future he needs to address all arguments raised in a motion to dismiss - a failure to do so can result in the dismissal of those claims.

*Co.*, 509 F.2d 205, 212 (9th Cir. 1975)). However, dismissing class allegations at the pleading stage, is rare because the parties have not yet engaged in discovery and the shape of a class action is often driven by the facts of a particular case. *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615-66 (N.D. Cal. 2007.) The more appropriate vehicle for testing the validity of class claims is a motion for class certification. *Thorpe v. Abbott Lab., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008).

At this stage of the proceedings, the Court cannot say that the class claims are unsuitable for class treatment. Accordingly, Defendant's motion to strike the class allegations in the FAC is DENIED.

## IV. CONCLUSION

In accordance with the foregoing, Defendant's motion to dismiss and strike is **DENIED**. [Doc. No. 14.]

It is **SO ORDERED**.

Dated: October 25, 2018

Hon. Cathy Ann Bencivengo
United States District Judge